**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 13-203-DLB-CJS**

**JOAN GAUSEPOHL**                                                                    **PLAINTIFF**

**vs.**                          **MEMORANDUM OPINION & ORDER**

**TOWNE PROPERTIES, INC., et al**                                      **DEFENDANTS**

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

## I.  INTRODUCTION

This is a breach of insurance contract action that arises out of Defendant Communication Association Underwriters of America, Inc.'s ("the insurance company") alleged failure to pay Plaintiff insurance benefits she was due as a result of injuries she sustained during a fall.  The matter is presently before the Court on the insurance company's motion for judgment on the pleadings (Doc. # 14), which has been fully briefed (Docs. # 31, 33) and is ripe for review.

The crux of the insurance company's motion is that it had no obligation to pay Plaintiff any benefit because Plaintiff failed to comply with the insurance policy's requirement to submit all medical expenses within one year of the accident.  Plaintiff responds that the insurance policy is ambiguous on this point and further discovery is needed to clarify the ambiguity.  For the following reasons, the Court agrees that (1) the insurance policy clearly requires all medical expenses to be reported within one year of an accident; (2) the insurance company properly paid expenses reported within one year of

the accident, and (3) properly refused to pay claims submitted more than a year after the accident. Thus, the insurance company did not breach the insurance policy and its motion for judgment on the pleadings shall be **granted**

## II. STANDARD OF REVIEW

Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the standard for a Rule 12(b)(6) motion to dismiss. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). "Accordingly, '[the Court] construe[s] the complaint in the light most favorable to the nonmoving party, accept[s] the well-pled factual allegations as true, and determines whether the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). While the Court's decision rests primarily on the complaint, "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the compliant[ ] also may be taken into account.'" *Id.* (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). This also includes Defendant's Answer, and any written instruments attached as exhibits. *McGath v. Hamilton Local School Dist.*, 848 F. Supp. 2d 831 (S.D. Ohio 2012) (citing Fed. R. Civ. P. 12©; Fed. R. Civ. P. 7(a) defining "pleadings" to include the answer)).[1]

## III. FACTUAL BACKGROUND

On October 25, 2012, Plaintiff slipped and fell at her condominium complex in

---

[1] The Court previously gave the parties notice that it may convert Defendant's motion for judgment on the pleadings to a motion for summary judgment because it relied on documents that were not attached to the Complaint. Because those documents were attached to the pleadings, they may be considered in deciding a motion for judgment on the pleadings. Therefore, after further consideration, the Court will consider Defendant's motion as it was initially filed, and will not convert it to a motion for summary judgment.

Burlington, Kentucky while retrieving her mail.  Plaintiff blames her fall on a faulty sprinkler system that turned on at a non-scheduled time, making the surface wet without warning.  Plaintiff generally claims that she suffered physical injury, pain and suffering, and she requests reimbursement for medical expenses, although the Complaint does not detail her injuries or expenses.

At the time of her fall, the condominium was insured by Defendant Community Association Underwriters of America, Inc. with a policy that provided $5,000.00 in no-fault medical payment coverage.  The policy specifically states that the insurance company will "pay reasonable 'medical expenses' for 'bodily injury' without regard to fault, caused by an accident occurring on: premises you own or rent; on ways adjoining premises you own or rent; or because of your operations."  (Doc. # 8-3).  The policy also states that "we will pay provided that . . .  the expenses are incurred and reported to us within one year of the date of the accident."  (*Id.*).

On October 25, 2012, Plaintiff sent the insurance company a letter advising of her fall.  A claim specialist for the insurance company responded on November 1, 2012, and advised Plaintiff that the condominium's insurance policy would cover up to $5,000.00 in reasonable medical treatment she received as a result of her fall.  However, consistent with the insurance policy, the letter advised Plaintiff that "bills need to be incurred and reported to us within a year of the accident, which is no later than October 25, 2013."  (Doc. # 8-1).  As such, the letter explained to Plaintiff that "if [she] ha[d] any bills [she] wish[ed] [the insurance company] to consider, please send them to [the claim specialist] along with a copy of any explanation of benefits showing what was paid by [her] health insurance."  (Doc. # 8-1).

On February 14, 2013, the insurance company sent Plaintiff payment for two claims she had submitted, totaling $275.00. Along with the payment, the insurance company reminded Plaintiff that it would cover up to $5,000.00 in medical payments in excess of any other health insurance she may have. Additionally, and most importantly for the present motion, the insurance company re-emphasized that "bills need to be incurred and reported to us within a year of the accident, which is no later than October 25, 2013." (Doc. # 8-2). Plaintiff never submitted additional bills to the insurance company.

Without making additional claims, Plaintiff filed a Complaint in Boone Circuit Court on October 24, 2013 against the insurance company and others. Plaintiff's lone claim against the insurance company is that she "had made a claim against Defendant CAU and the claim has not been resolved at this time." (Doc. # 1-1 at ¶ 30). Four days after filing suit, Plaintiff's counsel, Christopher Byers, sent the insurance company a letter requesting that any medical payments be sent to counsel's office. Additionally, Mr. Byers asked the insurance company to advise as to the extent of its coverage.

The insurance company responded to counsel's letter on November 1, 2013. Like the company had done twice before, the company explained to counsel that bills needed to have been incurred and reported within one year of the accident, which was no later than October 25, 2013. The company did not refuse to make any particular payment, presumably because no particular payment was requested, but instead invited Plaintiff's counsel to call the claims specialist with any questions.

On November 12, 2013, another defendant named in the Boone Circuit Court Complaint, Medicare Coordination of Benefits, removed the case to the Court on the basis that this Court has original jurisdiction over Medicare as an agency of the United States.

28 U.S.C. § 1442(a)(1). Medicare has since been dismissed from this case (*See* Doc. # 24), but the Court has retained jurisdiction over the pending claims.

## IV. ANALYSIS

Plaintiff's claim against the Defendant insurance company is puzzling at best because there were no outstanding claims at the time Plaintiff filed suit. On February 14, 2013, the insurance company sent Plaintiff a check for $275.00 as reimbursement for two reported out-of-pocket medical expenses: a $25.00 bill from Rural Metro of Southern Ohio for services rendered on October 31, 2012 and a $250.00 bill from St. Elizabeth Heathcare on December 9, 2012. A letter from the insurance company sent along with the check seems to indicate that Plaintiff's claim was paid in full. Plaintiff's response does not allege that she received less than full compensation for this claim or that it somehow remains open.

The only "claim" that was potentially submitted and not reimbursed came from Plaintiff's counsel on October 28, 2013 by way of a letter to the insurance company's claim specialist. The Court puts the word "claim" in quotes because it hardly resembles a claim for reimbursement. Rather than identifying and itemizing reimbursable expenses, the "claim" generally asks the insurance company to "send any of your Medical Payment disbursements to our office . . . . " (Doc. # 8-1 at 7).

Assuming this is properly considered a claim, it suffers two major flaws. First, a point that the insurance company failed to raise on its own behalf: this "claim" was submitted to the insurance company four days *after* Plaintiff filed suit in Campbell Circuit Court. This October 28, 2013 "claim" cannot be the unresolved claim that forms the basis of Plaintiff's Complaint because it had yet to even be presented at the time the Complaint

was filed. By the terms of the policy, the insurance company was under no obligation to reimburse Plaintiff until it received a proper claim from Plaintiff. Thus, the insurance company could not have breached the insurance contract as of October 24, 2013 – the date the Complaint was filed – because the condition triggering its obligation to pay had yet to occur.

Second, even if the October 28, 2013 "claim" forms the basis of Plaintiff's Complaint, the insurance company properly refused to pay it. The insurance policy makes clear that the insurance company "will pay provided that . . . the expenses are incurred and reported to us *within one year of the date of the accident*." (Doc. # 8-3) (emphasis added). As multiple letters to Plaintiff stated, the expenses must have been reported by October 25, 2013 to be payable. Here, the "claim" was not mailed until October 28, 2013, three days too late. As such, the insurance company properly refused to pay the claim.

Plaintiff disagrees with this conclusion on two fronts, neither of which have merit. First, she asserts that the contract is ambiguous to the extent it requires expenses to be "reported" within a year of the date of the accident. She argues that the contract does not specify *how* the expenses are to be reported. However, this argument has no relevance to the issue at hand: Did Plaintiff report expenses in any fashion within one year of the accident that were not paid? The answer to that question is certainly "no."

Plaintiff's second argument fares no better. She argues "there is nothing in Defendant's policy that requires . . . that all expenses be reported within one year of the accident." (Doc. # 31). Plaintiff is simply incorrect. Again, the policy states that the insurance company "will pay provided that . . . the expenses are incurred and reported to us within one year of the date of the accident." (Doc. # 8-3). The Court concludes as a

6

matter of law that this provision clearly and unambiguously required that *all* expenses must be reported within one year of the accident. *See First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. App. 2000) ("The construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court."). If Plaintiff's suit against the insurance company is based on her October 28, 2013 claim, it was presented outside the one-year period. Thus, the insurance company was under no obligation to pay the claim.

## V. CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1)   Defendant Community Association Underwriters of America, Inc.'s Motion for Judgment on the Pleadings (Doc. # 14) is hereby **GRANTED**;

(2)   Plaintiff's claim against Defendant Community Association Underwriters of America, Inc. is hereby **DISMISSED WITH PREJUDICE**;

This 15th day of July, 2014.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2013\13-2013 MOO granting mtn for judgment on pleadings.wpd